UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

KEITH G. COLEMAN, )
)
    Movant, )
)
v. ) Case No. CV412-170
) CR497-181
UNITED STATES OF AMERICA, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

Keith G. Coleman has submitted for filing his second 28 U.S.C. § 2255 motion, again attacking the 1997 conviction and life sentence he received for his actions in a drug conspiracy. (Doc. 1); *see United States v. Coleman*, No. CR497-181 (S.D. Ga. Jan. 28, 1998); *Coleman v. United States*, No. CV400-054 (S.D. Ga. Feb. 28, 2000) (first § 2255 motion). Since this is a successive motion, Coleman must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see* 28 U.S.C. § 2255(h) (cross-referencing § 2244 certification requirement).[1] In fact, this

---

[1] While he frames this as a § 2255 motion, he also invites the Court to find that

Court *must* dismiss second or successive petitions, without awaiting any response from the government, absent prior approval by the court of appeals. *Levert v. United States*, 280 F. App'x 936, 936 (11th Cir. 2008) (per curiam) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (same); *In re Medina*, 109 F.3d 1556, 1561 (11th Cir. 1997); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

Because Coleman has filed this latest § 2255 motion without prior Eleventh Circuit approval, this Court is without jurisdiction to consider it. Consequently, it should be **DISMISSED** as successive. Applying the Certificate of Appealability ("COA") standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua*

---

relief under § 2255 is inadequate and ineffective, thus permitting him to proceed under the All Writs Act, 28 U.S.C. § 1651. (Doc. 1 at 7.) The Court will not permit him to use the All Writs Act as an end-run around the successiveness bar, especially where he has not even attempted to seek permission to file a successive motion from the Court of Appeals. *See, e.g., Barrow v. United States*, 455 F. App'x 631, 634 (6th Cir. 2012) (writs and petitions based on the All Writs Act may be deployed only when a § 2255 motion is unavailable, such as when the movant no longer meets § 2255's "in custody" requirements); *United States v. Montano*, 442 F. App'x 412, 413 (10th Cir. 2011).

*sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 13th day of June, 2012.

                                                UNITED STATES MAGISTRATE JUDGE
                                                SOUTHERN DISTRICT OF GEORGIA