# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| KEITH J. COLEMAN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV414-129 |
| | ) | CR497-181 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Serving a sentence of life plus 60 years, doc. 238,[1] Keith J. Coleman has filed a *third* 28 U.S.C. § 2255 motion attacking his 1998 conviction for drug and firearm offenses. Docs. 287, 326, 354, 382, 386, 397 (first § 2255 motion and denial); docs. 450, 456 (second § 2255 motion and denial); doc. 464 (third and latest § 2255 motion). He challenges his sentence by invoking *Alleyne v. United States*, ___U.S. ___, 133 S. Ct. 2151 (2013) (extending what's known as the *Apprendi* doctrine to statutory minimum penalties by holding that "any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted

---

[1] The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper document's printed pagination.

to the jury"). (Doc. 1 at 5.) But "*Alleyne* does not apply retroactively on collateral review." *Jeanty v. Warden*, ___ F.3d ___, 2014 WL 3411144 at * 2 (11th Cir. July 15, 2014); *Chester v. Warden*, 552 F. App'x 887, 891 (11th Cir. 2014); *United States v. Winkelman*, 746 F.3d 134, 136 (3rd Cir. 2014). Even if he did, because his motion is successive, Coleman must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see* 28 U.S.C. § 2255(h) (cross-referencing § 2244 certification requirement). In fact, this Court must dismiss second or successive petitions, without awaiting any response from the government, absent prior approval by the court of appeals. *Tompkins v. Sec'y, Dep't of Corrs.*, 557 F.3d 1257, 1259 (11th Cir. 2009); *see also Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997).

Because Coleman has filed this latest § 2255 motion without prior Eleventh Circuit approval, this Court is without jurisdiction to consider it. Consequently, it should be **DISMISSED** as successive. Applying the Certificate of Appealability (COA) standards, the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on

appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 16th day of July, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA