UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

-------------------------------------------------------- X
                        :

UNITED STATES OF AMERICA,      :

       v.                  :     Case No. CR497-00181-001

KEITH J. COLEMAN.           :

                        :

                        :

                        :

                        :

                        :

                        X

**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND BASED
ON AMENDMENT 782 AND § 1B1.10 OF THE U.S. SENTENCING GUIDELINES**

      KEITH J. COLEMAN, by and through his undersigned counsel, files this Motion (the "Motion") pursuant to 18 U.S.C. § 3582(c)(2) and Section 1B1.10 of the United States Sentencing Guidelines Manual (the "Guidelines"), to request that the Court enter an Order reducing his sentence based on Amendment 782 to § 2D1.1(c) of the Guidelines ("Amendment 782"), and in support hereof, respectfully states as follows:

**INTRODUCTION**

      1.    Keith Coleman is a decorated veteran of the United States Army who served multiple tours of duty until his honorable discharge. Currently, Mr. Coleman is serving a life sentence, 19 years of which he already has served, for his involvement in a non-violent drug

crime that he deeply regrets.[1]  Mr. Coleman accepted full responsibility for his actions many years ago and ever since has devoted his life in prison to becoming a better man.[2]  As a result, Mr. Coleman has an exemplary prison record and has been described by his prison supervisors, family, and friends as a wonderful person that has turned his life around.[3]

      2.      Based on his time served, rehabilitation, and an amendment to the Guidelines (Amendment 782), authorized by 18 U.S.C. § 3582(c)(2) and Section 1B1.10 of the Guidelines, Mr. Coleman's life sentence should be reduced to no more than the minimum sentence provided under the amended Guidelines (292 months).

## BACKGROUND

      3.      On January 18, 1998, Mr. Coleman, a non-violent, first-time offender, was sentenced in the United States District Court for the Southern District of Georgia to a term of life imprisonment without parole for his participation as a guard and escort in a non-violent drug trafficking operation.[4]  Specifically, Mr. Coleman was found guilty of one count of conspiracy to aid and abet in the distribution of cocaine and six counts of attempt to aid and abet the distribution of cocaine in violation of 21 U.S.C. § 846, and one count of carrying a firearm

---

[1] *See* Letter from Keith Coleman (K. Coleman Letter), February 2015, attached hereto as Exhibit 1.

[2] *Id.*

[3] *See* Letter from Verlene Warnock, Feb. 12, 2015, Letter from Joyce C. Hall, Feb. 12, 2015, and Letter from Reverend Raphael G. Warnock, Mar. 12, 2015 (collectively, "Family Letters"), attached hereto as Exhibit 2.  See also Federal Prison Industries Memorandum from Executive Management and Employee Supervisors (Unicor) to Employer, Letter from Gina Picarelli Unicor USP Coleman Furniture Factory Manager, Sept. 18, 2006, Letter from Joseph Owens, Jr. FCI Estill Recreation Specialist, Letter from M. Wallace Addictions Specialist, Letter from FCI Estill Food Service Administrator, Letter from R. T. Gates FCI Estill Recreation Specialist, Jan. 16, 2015, Letter from D. Brown of FCI Estill Religious Services Department, Jan. 18, 2015, Letter from F. Cruz FCI Estill Correctional Officer, Letter from C. Zimmermann, Apr. 18, 2017 (collectively, "Prison Staff Letters"), attached hereto as Exhibit 3.

[4] *See* Keith Coleman Inmate Skills Development Plan (the "2012 Development Plan"), 1, Jul. 19, 2012, several pages attached hereto as Exhibit 4.  The drug trafficking operation was in fact an FBI sting operation whose targets were Savannah police officers suspected of corruption.

2

during a drug trafficking crime in violation of 21 U.S.C. § 924(c)(1).[5] Mr Coleman received a sentence of 60 months for the weapon conviction, to be served consecutive to his life sentence, and he is currently serving his time at FCC Estill, a medium security federal prison in Estill, South Carolina.[6]

4.    To calculate Mr. Coleman's life sentence, the Court relied on recommendations in the Pre-Sentence Investigation Report (the "PSR") which were based on the drug quantities and sentence ranges provided under Chapters 2 and 5 of the Guidelines (i.e. Drug Quantity and Sentencing tables).[7] For his role in trafficking at least 15 but less than 50 kilograms of cocaine, he was assigned a base offense level of 34 or a sentence of 151 to 188 months.[8] Due to aggravating role, abuse of position of trust, and obstruction of justice enhancements, Mr. Coleman's base offense level was increased by eight points to a level 42 and a sentence range of 360 months to life.[9]

5.    Despite the severity of the minimum sentence available (360 months) and the fact that Mr. Coleman did not have any prior criminal history or criminal convictions, the Court

---

[5] *See Judgment in a Criminal Case* (the "Judgment"), 1-2, Jan. 28, 1998.

[6] *See id.* at 3, 6.

[7] *See Presentence Investigation Report, as revised* (the "PSR"), 10 and 11, Jan. 8, 1998. *See also* 1997 Guidelines Manual Sentencing Table, Nov. 1, 1997, http://www.ussc.gov/sites/default/files/pdf/guidelines-manual/1997/manual/SENTNTAB.pdf; U.S.S.G. §§ 2D1.1(a)(3), 3B1.1, 3B1.3, 3C1.1, and 5A (Nov. 1, 1997).

[8] *See* PSR at 10-11. *See also* U.S.S.G. §§ 2D1.1(a)(3), 3B1.1, 3B1.3, 3C1.1, and 5A (Nov. 1, 1997).

[9] *See* PSR at 10.

sentenced him to the maximum sentence in the applicable sentencing guideline range (life).[10] The Court also determined that Mr. Coleman was not eligible for probation.[11]

6.     As of the filing of this Motion, Mr. Coleman has been incarcerated for 232 months.  If ever released from prison, Mr. Coleman will be required to report to a probation officer, submit to periodic drug tests, and participate in a drug and alcohol abuse program, along with other standard conditions adopted by the Court, for a prescribed period of time.[12]

7.     On April 30, 2014, the U.S. Sentencing Commission (the "Commission") submitted to Congress Amendment 782, which reduced by two levels the base offense levels assigned to the drug quantities identified in the Guidelines' Drug Quantity Table for drug trafficking offenses.[13]  This Amendment was made retroactive by Amendment 788 on July 18, 2014 and went into effect on November 1, 2014.[14]

8.     Both 18 U.S.C. § 3582(c)(2) and § 1B1.10(a)(1) and (d) of the Guidelines authorize the Court to reduce Mr. Coleman's life sentence based on Amendment 782.[15]  And, as

---

[10] *See* PSR at 15. *See also* 1997 Guidelines Manual Sentencing Table, Nov. 1, 1997,  http://www.ussc.gov/sites/ default/files/pdf/guidelines-manual/1997/manual/SENTNTAB.pdf; U.S.S.G. §§ 2D1.1(a)(3), 3B1.1, 3B1.3, 3C1.1, and 5A (Nov. 1, 1997).

[11] *See* PSR at 16.

[12] *See* Judgement at 4-5.

[13] *See* 1997 Guidelines Manual Sentencing Table ("1997 Sentencing Table"), Nov. 1, 1997,  http://www.ussc.gov/ sites/default/files/pdf/guidelines-manual/1997/manual/SENTNTAB.pdf; 2014 Guidelines Manual Sentencing Table ("2014 Sentencing Table"), Nov. 1, 2014, http://www.ussc.gov/sites/default/files/pdf/guidelines- manual/2014/2014sentencing_table.pdf. *See also* Amendment to the Sentencing Guidelines, Retroactivity of Amendment 782, 21-30, Apr. 30, 2014, http://www.ussc.gov/sites/default/files/pdf/amendment-process/reader- friendly-amendments/

[14] *See* Amendment to the Sentencing Guidelines, Retroactivity of Amendment 782, Jul. 18, 2014, http://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly- amendments/20140718_RF_Amendment782.pdf. *See also* U.S. Sentencing Commission 2014 Drug Guidelines Amendment Retroactivity Data Report, Jul. 2016, http://www.ussc.gov/sites/default/files/pdf/research-and- publications/retroactivity-analyses/drug-guidelines-amendment/20160803-Drug-Retro-Analysis.pdf.pdf.

[15] *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1); U.S.S.G. § 1B1.10(d).

argued below, there is no question that Mr. Coleman is eligible for a sentence reduction under 18

U.S.C. § 3582(c)(2) and § 1B1.10 of the Guidelines, and that based on the Court's consideration

of the factors identified under 11 U.S.C. §3553(a), that such a reduction is warranted.

9.    Moreover, Mr. Coleman, if his life sentence is reduced, will be entitled to "good

time credit" under 18 U.S.C. 3624(b) resulting in a further reduction of time.

10.   Therefore, Mr. Coleman respectfully requests that the Court issue an Order

reducing his sentence to no more than the minimum sentence provided by the amended guideline

range (292 months or approximately 24 years), plus 60 months.[16]

## APPLICABLE LAW

11.   U.S.S.G. § 1B1.10(a)(1) provides that:[17]

> In a case in which a defendant is serving a term of imprisonment, and the
> guideline range applicable to that defendant has subsequently been lowered as a
> result of an amendment to the Guidelines Manual listed in subsection (d) below
> [including Amendment 782], the court may reduce the defendant's term of
> imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. §
> 3582(c)(2), any such reduction of defendant's term of imprisonment shall be
> consistent with this policy statement.

12.   18 U.S.C. § 3582(c)(2) provides that:[18]

> [I]n the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has subsequently been lowered by
> the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the
> defendant . . . the court may reduce the term of imprisonment, after considering
> the factors set forth in section 3553(a) to the extent that they are applicable, if
> such a reduction is consistent with applicable policy statements issued by the
> Sentencing Commission.

---

[16] 18 U.S.C. § 924(c)(1) mandates a term of five years to be served consecutively on account of weapons charge.
*See also* PSR at 15.

[17] *See* U.S.S.G. § 1B1.10(a)(1).

[18] *See* 18 U.S.C. § 3582(c)(2).

13.     As explained by the Supreme Court, "a court must first determine that a reduction is consistent with 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553a."[19]  Stated differently by the Eleventh Circuit, when considering whether to grant a defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2), a court must first "substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed," and second "consider the factors listed in § 3553(a)" to determine whether a reduction in sentence is warranted.[20]

14.     Under 11 U.S.C. §3553(a), "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."[21]  Those purposes include the need: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective ....[22]

15.     Once a defendant's sentence is determined based on 18 U.S.C. 3582(c)(2) and the 3553(a) factors, 18 U.S.C. § 3624(b) provides that:[23]

> a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54

---

[19] *See Dillon v. U.S.*, 560 U.S. 817 (2010).

[20] *See U.S. v. Jules*, 595 F.3d 1239 (2010); *U.S. v. Williams*, 557 F.3d 1254 (2009).

[21] *See* 11 U.S.C. § 3553(a).

[22] *Id.*

[23] *See* 18 U.S.C. § 3624(b).

days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

## LEGAL ARGUMENT

16.     Both 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(a)(1) authorize federal district courts to reduce a defendant's sentence where the defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.[24]

17.     To determine whether a reduction in sentence should be granted under the statute and Guidelines, as explained by the Supreme Court in *Dillon v. U.S.*, the district court must apply a two-part test.[25]

I.      **Mr. Coleman Is Eligible For A Sentence Reduction.**

18.     Mr. Coleman satisfies both parts of the *Dillon* test.

19.     First, the court must "determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires a court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing."[26]

20.     Before Amendment 782 became effective on November 1, 2014, a defendant who was convicted of trafficking "at least 15 KG but less than 50 KG of Cocaine" was assigned a base offense level of 34 under § 2D1.1(c) or the Guidelines' Drug Quantity Table.[27]   Post-

---

[24] *Dillon v. U.S.*, 560 U.S. at 826.

[25] *See id.*

[26] *See* U.S.S.G. § 1B1.10(b)(1).

[27] *See* United States Sentencing Commission Guidelines Manual (1997 Guidelines Manual), 1, November 1, 1997.

amendment, for trafficking the same amount of drugs, the base offense level for this defendant has been reduced by two levels to a level 32.[28]

21.     Given the fact that the base offense levels provided in the Drug Quantity Table are used to determine appropriate sentencing guideline ranges, an amendment that reduces these offense levels also reduces the sentencing ranges imposed, depending on a defendant's criminal history.[29]  For instance, a defendant with no criminal history who in 2013 was assigned a 34 base offense level, would be assigned a 32 base offense level if convicted today (assuming the same quantity of drugs) and, as a result, would be subject to an amended sentencing guideline range of 121-151 months versus 151-188 months.[30]

22.     Mr. Coleman is eligible for a sentence reduction because it is undisputed that the sentencing guideline range recommended in his PSR would have been significantly lower if Amendment 782 had been in effect at the time that he was sentenced.[31]  As demonstrated below, the requirements of the first part of the *Dillon* test have been met.[32]

---

[28] *See* United States Sentencing Commission Guidelines Manual (2014 Guidelines Manual), 1, November 1, 2014; United States Sentencing Commission Guidelines Manual (2016 Guidelines Manual), 1, November 1, 2016.

[29] *See* 2014 Guidelines Manual; 2016 Guidelines Manual.  *See also U.S. v. Nairne*, 334 Fed. Appx. 228 (11th Cir. 2009) (defendant's 235 months sentence reduced to 188 months, the minimum sentence under the amended guideline range, where amendment to the Guidelines reduced his offense level from 36 to 34).

[30] *See* 1997 Sentencing Table; 2016 Guidelines Manual Sentencing Table ("2016 Sentencing Table"), Nov. 1, 2016, http://www.ussc.gov/sites/default/files/pdf/guidelines-manual/2016/2016sentencing_table.pdf.

[31] *Id.*

[32] *Dillon v. U.S.*, 560 U.S. 817.

**A.      Mr. Coleman Is Eligible Because His Life Sentence Is Based On A Guideline Range That Was Subsequently Lowered by Amendment 782.**

23.      If Amendment 782 had been in effect in 1998, Mr. Coleman would not currently be serving a life imprisonment sentence. Rather, he would have been sentenced to a term of no more than 292 to 365 months.[33]

24.      Specifically, based on the two-level reduction under Amendment 782, Mr. Coleman would have been assigned a 32 base offense level instead of a 34.[34] After adding the aggravating role, abuse of position of trust, and obstruction of justice enhancements that he received, Mr. Coleman's total offense level would have been a 40, and not a 42.[35] For a defendant with no criminal history and a 40 offense level, the sentencing guideline range is 292 to 365 months; a guideline range that is significantly lower than the 365 months to life range that the Court considered when sentencing Mr. Coleman.[36]

25.      Mr. Coleman's current sentence should reflect the offense level reduction established by Amendment 782, especially when the Commission intended that the amendment be applied retroactively to lengthy sentences imposed for drug trafficking offenses.[37] More importantly, upon the Court's careful consideration of Amendment 782, it is clear that Mr.

---

[33] *See* 1997 Sentencing Table; 2014 Sentencing Table; 2016 Sentencing Table.

[34] *See See* Amendment to the Sentencing Guidelines, Retroactivity of Amendment 782, Jul. 18, 2014, http://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20140718_RF_Amendment782.pdf. *See also* 1997 Sentencing Table; 2014 Sentencing Table; 2016 Sentencing Table.

[35] *Id.*

[36] *See* 1997 Sentencing Table; 2014 Sentencing Table; 2016 Sentencing Table. *But see U.S. v. Webb*, 565 F.3d 789 (11th Cir. 2009) (affirming denial of defendant's request to reduce sentence where amendment providing two-level reduction in defendant's base offense level did not actually lower his sentencing range due to other factors).

[37] *See* 2016 U.S.S.G. Supplement to Appendix C

Coleman satisfies both the statutory and Guidelines' requirements for a sentence reduction, and is therefore eligible for a lower sentence.

26.     Accordingly, this Motion should be granted and the Court should reduce Mr. Coleman's life sentence to 292 months.

**B.     Mr. Coleman Is Eligible Because A Reduction In His Sentence Would Be Consistent With U.S.S.G. § 1B1.10 Policy and Amendment 782 Purposes.**

27.     A reduction in Mr. Coleman's life sentence also would be consistent with the policy statements provided under U.S.S.G. § 1B1.10 and with the purposes of Amendment 782.

28.     Section 1B1.10(b)(1) of the Guidelines requires the Court to "substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced" when considering whether to reduce a defendant's sentence.[38]  Amendment 782 is one of the covered amendments listed in § 1B1.10(d) and the amendment upon which Mr. Coleman's Motion is based .[39]  More importantly, as already argued above, Amendment 782 does "have the effect of lowering [Mr. Coleman's] applicable guideline range."[40] Thus, a reduction in Mr. Coleman's sentence based on Amendment 782 would be consistent with this policy statement.

29.     Under § 1B1.10(e)(1), the Court is not authorized to "order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."  Mr. Coleman's Motion is being filed more than one year after

---

[38] *See* U.S.S.G. § 1B1.10(b)(1).  *See also* U.S.S.G. § 1B1.10(a)(2)(A).

[39] *See U.S. v. Armstrong*, 347 F. 3d 905 (11th Cir. 2003) (amendment to the sentencing guidelines must also be "listed under guidelines policy statement regarding reduction in term of imprisonment as a result of amendment guideline range.")

[40] *See* U.S.S.G. § 1B1.10(a)(2)(B).

November 1, 2015, and therefore an order granting such Motion would be consistent with this policy statement, even if that order had an immediate effective date.

      30.     In addition to being consistent with § 1B1.10 policy statements, a reduction in Mr. Coleman's sentence would also serve the main purposes of Amendment 782. One of those purposes being for the Guidelines to "more accurately differentiate among drug trafficking offenders than when the Drug Quantity Table was initially established."[41] Mr. Coleman is a non-violent, first-time drug trafficking offender who has been rehabilitated, and his sentence should better reflect these facts rather than the drug quantities.

      31.     Another purpose of Amendment 782 is to alleviate "the significant overcapacity and costs of the Federal Bureau of Prisons."[42] According to the Commission, "drug trafficking offenders account for approximately 50 percent of the federal prison population …."[43] By reducing Mr. Coleman's sentence from life imprisonment to 292 months, the Court would be contributing towards the Commission's efforts in resolving the problems associated with costly and overcrowded prisons.

      C.     **Mr. Coleman Is Eligible Because the Sentence Reduction That He Seeks Is Not Barred By Statute Or the Guidelines.**

      32.     Mr. Coleman eligible for a sentence reduction because the guideline range on which his life sentence was based was subsequently lowered by Amendment 782, and the reduction that he seeks is not barred in any way by the statute or the Guidelines.

---

[41] *See* Amendment to the Sentencing Guidelines, Retroactivity of Amendment 782, Jul. 18, 2014, http://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20140718_RF_Amendment782.pdf.

[42] *Id.*

[43] *Id.*

33.     U.S.S.G. § 1B1.10 limits the Court's power to reduce a defendant's term of imprisonment.[44] None of these limitations, however, apply in this case.

34.     First, a sentence reduction would not result in Mr. Coleman receiving "a term that is less than the minimum of the amended guideline range determined."[45] In fact, the minimum sentence under the amended guideline range applicable to Mr. Coleman is 292 months – the exact sentence that he is seeking in this Motion.[46]

35.     Second, a 292-month sentence would not "be less than the term of imprisonment [Mr. Coleman] has already served."[47] To date, Mr. Coleman has already served 232 months in prison.

36.     Third, Mr. Coleman's original life sentence was not based on the mandatory minimums found in the conspiracy and attempt statutes.[48] Instead, when sentencing Mr. Coleman, the Court relied on the drug quantities and base offense levels found in the Guidelines' Drug Quantity Table.[49]

37.     Fourth, Mr. Coleman is not a career offender.[50] Prior to his involvement as an escort in the drug trafficking operation, Mr. Coleman did not have a criminal record and

---

[44] See U.S.S.G. § 1B1.10.

[45] See U.S.S.G. § 1B1.10. See also U.S. v. Douglas, 576 F. 3d 1216 (11th Cir. 2009) (federal district court not authorized to impose a new sentence below the amended guidelines range).

[46] See 2016 Sentencing Table.

[47] See U.S.S.G. § 1B1.10.

[48] But see U.S. v. Aguilar-Canche, 835 F. 3d 1012 (9th Cir. 2016) (defendant not eligible for sentence reduction where his sentence was based on statutory minimums rather than on the Guidelines).

[49] See 1997 Guidelines Manual.

[50] But see U.S. v. Tellis, 748 F. 3d 1305 (11th Cir. 2014) (federal district court lacked authority to grant sentence reduction pursuant to Sentencing Guidelines amendment where defendant was designated a career offender and therefore amendment did not lower his applicable guideline range).

12

therefore the Court did not assign him any points for criminal history or designate him as a career offender.[51]

38.     Fifth and finally, Mr. Coleman has not received any other downward variance or departure from his life imprisonment sentence.

## II.     A Reduction in Mr. Coleman's Sentence Is Warranted Because Upon Consideration Of The 3553(a) Factors, the Minimum Sentence Authorized By Statute and the Amended Guidelines Is "Sufficient."

39.     After determining a defendant's eligibility for reduction of sentence, the second part of the *Dillon* test requires the Court to consider "any applicable 3553(a) factors and determine whether, in its discretion, the reduction authorized … is warranted in whole or in part under the particular circumstances of the case."[52]

40.     A reduction is warranted when the Court imposes a reduced sentence that is "sufficient, but not greater than necessary" to fulfill the purposes of 11 USC 3553(a).[53]  There is no question that 292 months, the minimum reduced sentence that the Court is authorized to impose, is a sufficient sentence to reflect the seriousness of Mr. Coleman's involvement as an escort in a drug trafficking operation, promote respect for the law, provide just punishment, afford adequate deterrence to future criminal conduct and protect the public from further crimes by Mr. Coleman; and provide Mr. Coleman with the necessary time to take advantage of educational or vocational training, medical care, and other correctional treatment.

41.     The amended Guidelines reflect the Commission's determination as to the seriousness of Mr. Coleman's offenses and promote respect for the law. A 24-year sentence

---

[51] *See* PSR.

[52] *See Dillon v. U.S.*, 560 U.S. 817.  *See also U.S. v. Douglas*, 576 F. 3d 1216 (11th Cir. 2009) (vacating order where district court failed to consider statutory sentencing factors when deciding defendant's motion for reduction of sentence).

[53] *Dillon v. U.S.*, 560 U.S. 817.

(nearly half of Mr. Coleman's life) seems adequate punishment for a defendant who committed non-violent drug crimes – in this case serving as an escort on several occasions for a drug trafficking operation.

42.    Studies also show that long prison sentences in general do not deter individuals from committing crimes.[54] And, in Mr. Coleman's case a longer sentence is not necessary to deter his involvement in criminal conduct because he has already taken steps to completely change his life for the better.  Furthermore, the Commission has concluded that "[t]here is no apparent relationship between the sentencing guideline final offense level and recidivism risk."[55] Instead, the Commission found that recidivism rates decline as age increases and that those with stable employment in the year prior to the offense, those that are first-time offenders or offenders sentenced for drug trafficking crimes, and those not using illicit drugs, are less likely to recidivate; these are all qualities shared by Mr. Coleman.[56]

43.    The safety of the public will not be at risk if Mr. Coleman's sentence is reduced because Mr. Coleman never participated in any violent acts and is not known to have a violent behavior.[57] In fact, based on his 2012 Inmate Skills Development Plan (the "2012 Development

---

[54] *See* Nat'l Research Council, *The Growth of Incarceration in the United States: Exploring Causes and Consequences* 134 – 140, 337 (2014)(examining empirical studies and concluding that because the marginal deterrent effect of long sentences, if any, is so small and so far outweighed by the increased costs of incarceration, long sentences are "not an effective deterrent"); Daniel S. Nagin, *Deterrence in the Twenty-First Century*, 42 Crime & Justice 199, 202 ("[L]engthy prison sentences cannot be justified on a deterrence-based, crime prevention basis."); *see also* Francis T. Cullen *et al., Prisons Do Not Reduce Recidivism: The High Cost of Ignoring Science*, Prison Journal 91: 48S (2011); Ilyana Kuziemko & Steven D. Levitt, *An Empirical Analysis of Imprisoning Drug Offenders*, 88 J. of Pub. Econ. 2043, 2043 (2004)("it is unlikely that the dramatic increase in drug imprisonment was cost effective").

[55] *See* U.S. Sentencing Commission, *Measuring Recidivism: the Criminal History Computation of the Federal Sentencing Guidelines*, 13, May 2004.

[56] *See id.* at 12-13.

[57] *See U.S. v. Carranza*, 103 F. Supp. 3d 405 (S.D.N.Y. 2015) (reduction of sentence warranted where defendant's "criminal history contained no violence or behavior constituting assault … and did not receive any disciplinary sanctions for assault or violent behavior while incarcerated.").

14

Plan") and 2017 Inmate Skills Development Plan (the "2017 Development Plan") and prison staff letters of recommendation, Mr. Coleman has been an exemplary inmate with no disciplinary incidents throughout his 19-year incarceration.[58]   And the absence of a disciplinary record reduces the likelihood that Mr. Coleman will commit other crimes if he is released.  According to the Commission, after "carefully weigh[ing] public safety concerns and, based on past experience, existing statutory and guideline enhancements, and expert testimony, [the Commission] concluded that [Amendment 782] should not jeopardize public safety."[59]

44.   Lastly, a reduction in sentence is warranted when the defendant has established that he is rehabilitated through a good record of behavior and self-improvement.[60]  Mr. Coleman's 2012 Development Plan and 2017 Development Plan reflect the fact that he has been rehabilitated.  For instance, while in prison he has pursued numerous business, computer, legal, job skills, and financial courses for which he received certificates of completion.[61]  In his 2012 Development Plan, Mr. Coleman is described as having significant expertise in the fields of community and social services, farming, fishing, forestry, installation, maintenance, and repair, and military and mechanic.[62]  Similarly, in his 2017 Development Plan, the prison staff note that Mr. Coleman has not received an incident report since he began his incarceration in 1998, that he attends Protestant Worship Services on a weekly basis and continues to surpass staff

---

[58] *See* 2012 Development Plan at 6-8, Exh. 4; Keith Coleman 2017 Inmate Skills Development Plan ("2017 Development Plan") Apr. 18, 2017, several pages attached hereto as Exhibit 5.  *See also* Prison Staff Letters, Exh. 3.

[59] *See* U.S. Sentencing Commission, *Measuring Recidivism: the Criminal History Computation of the Federal Sentencing Guidelines*, 13,  May 2004.

[60] *See U.S. v. Harris*, 162 F. Supp. 3d 65 (D. Conn. 2015) (reduction of sentence warranted where defendant "had very good institutional work history, and had devoted a great deal to time toward obtaining his general educational development (GED) diploma.").

[61] *See* 2012 Development Plan at 6-8, Exh. 4.

[62] *See id.*

recommendations, and that he has continued to seek enrollment in parenting, trust building, and victim impact courses.[63]

45.    Mr. Coleman's conduct in prison demonstrates not only that he has matured, but that he is deeply remorseful.  As a first-time offender who was stably employed prior to his conviction and who did not abuse drugs, Mr. Coleman deserves a second chance at life and to be reunited with his family.[64]

46.    Importantly, Mr. Coleman has established the second part of the *Dillon* test – that a reduction is his life sentence is warranted.  The Court should therefore grant his Motion and reduce his sentence to no more than the minimum sentence provided by the amended Guidelines.

III.    **Mr. Coleman's Sentence Should Be Further**
        **Reduced to 278 Months Based On "Good Time" Credit.**

47.    To date, Mr. Coleman has served over 19 years in federal prison and is entitled to "good time credit" of at least 74 months pursuant to 11 U.S.C. § 3624(b).[65]   That section provides:[66]

> a prisoner who is serving a term of imprisonment of more than
> 1 year other than a term of imprisonment for the duration of the
> prisoner's life, may receive credit toward the service of the prisoner's
> sentence, beyond the time served of up to 54 days at the end of each year
> of the prisoner's term of imprisonment, beginning at the end of the first
> year of the term, subject to determination by the Bureau of Prisons that, during
> that year, the prisoner has displayed exemplary compliance with institutional
> disciplinary regulations.

48.    Remarkably, in the more than 19 years that Mr. Coleman has been incarcerated, including the time that he served in maximum security prisons Leavenworth, Lompoc,

---

[63] *See* 2017 Development Plan at 12, 15, 16, and 18, Exh. 5.

[64] *See id.*

[65] *See* 11 U.S.C. § 3624(b).

[66] *Id.*

Beaumont, and Coleman, Mr. Coleman has not committed one single infraction.[67] If his Motion is granted, the Court should take into account Mr. Coleman's good behavior when determining his final sentence.

49.     To assist in this effort, the Bureau of Prisons (the "BOP") calculates "good time credit" based on the number of days actually served, rather than the sentence imposed, with the result being that eligible prisoners with a high school diploma or the equivalent are awarded 47 days for every year served.[68] Accordingly, Mr. Coleman is entitled to *at least* 893 days (or 74 months) of credit for good time served to be applied against his modified sentence under Amendment 782.

## CONCLUSION

50.     WHEREFORE, Mr. Coleman respectfully requests the Court to enter an Order (1) reducing his sentence to no more than the minimum sentence provided by the amended Guidelines (292 months or 24 years), plus 60 months, (2) ordering and directing the BOP to calculate and credit him for good time served, resulting in further reduction of the minimum sentence, and (3) granting such other and further relief that is reasonable and just.

---

[67] *See* 2017 Development Plan at 12, 15, 16, and 18, Exh. 5.

[68] *See Barber v. Thomas*, 130 S.Ct. 2499 (2010). *See, also, Good Conduct Time Under the Prison Litigation Reform Act (PLRA),* BOP Policy Statement 5884.03, pp. 1 – 40 (March 31, 2006); http://www.bop.gov/DataSurce/execure/dsPolicyLoc.

17

Respectfully submitted this 26th day of May 2017.

> s/ Steven L. Beauvais
> Attorney Bar No. 045709
> Local Counsel for Keith J. Coleman
> ZIPPERER, LORBERBAUM & BEAUVAIS
> P.O. Box 9147
> Savannah, Georgia  31412
> Telephone:  (912) 232-3770
> E-Mail: sbeauvais@zlblaw.com
>
>
> S/ Ted Shaw
> Ted Shaw, Esq.
> Courtney Slatten Katzenstein, Esq.
> Kiki L. Taylor, Esq.
> NORTON ROSE FULBRIGHT US LLP
> 1301 Avenue of the Americas
> New York, NY 10019
> Telephone: (212) 318-3400
> E-Mail: ted.shaw@nortonrosefulbright.com
> courtney.katzenstein@nortonrosefulbright.com
> kiki.l.tayor@nortonrosefulbright.com
>
>
> [*Pro Hac Vice* paperwork will be filed by Ted Shaw
> within 10 days]

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

Carlton R. Bourne, AUSA
United States Attorney's Office
22 Barnard Street
Suite 300
Savannah, GA 31401

s/ Steven L. Beauvais
Attorney Bar No. 045709
Local Counsel for Keith J. Coleman
ZIPPERER, LORBERBAUM & BEAUVAIS
P.O. Box 9147
Savannah, Georgia 31412
Telephone: (912) 232-3770
E-Mail: sbeauvais@zlblaw.com

19